**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EFRAIN ARREDONDO-DURAN,
a/k/a Juan Diaz-Gomez, a/k/a Luis,

Defendant - Appellant.

No. 11-8072
(D.C. No. 1:11-CR-00073-NDF-4)
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Defendant Efrain Arredondo-Duran pleaded guilty in the United States

District Court for the District of Wyoming to committing several drug offenses.

The district court sentenced him to the mandatory-minimum 120 months'

imprisonment followed by five years of supervised release. On appeal he

challenges his sentence on the ground that the court erred in denying him relief

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

from the mandatory minimum under the safety-valve provisions of 18 U.S.C. § 3553(f) and USSG § 5C1.2. We have jurisdiction under 28 U.S.C. § 1291 and affirm. The district court could properly find that Defendant was not eligible for safety-valve relief because he failed to disclose to the government a full and truthful account of his criminal activities.

On March 18, 2011, Defendant was indicted on seven drug charges. Under a plea agreement, he pleaded guilty on June 14 to four of them: (1) conspiracy to possess with intent to distribute, and to distribute, more than 500 grams of methamphetamine, *see* 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846; (2) distribution of 50 grams or more of methamphetamine, *see id.* § 841(a)(1) and (b)(1)(B); (3) distribution of cocaine, *see id.* § 841(a)(1) and (b)(1)(C); and (4) possession with intent to distribute methamphetamine, *see id.* The mandatory minimum sentence on the conspiracy charge was 120 months' imprisonment. *See id.* § 841(b)(1)(A).

Because Defendant had no criminal-history points, his criminal-history category was I. The presentence report (PSR) set his base offense level at 34 and deducted three levels for acceptance of responsibility, for a total offense level of 31. Although Defendant had provided information concerning the offenses to law enforcement on two occasions (following his arrest and in a proffer interview), the PSR stated that Defendant did not qualify for a safety-valve reduction "[b]ased upon the minimal information [he] provided." R., Vol. 2 at 13.

Defendant's statutory sentencing range was 10 years to life imprisonment, and his guideline range was calculated in the PSR to be 120 to 135 months.

At Defendant's sentencing hearing, he argued that he was entitled to safety-valve relief from the statutory minimum sentence. But the district court found that he did not qualify for relief because he had failed to satisfy the requirement that he "truthfully provide[] to the Government all information and evidence the defendant has concerning [his] offense or offenses" at or before the sentencing hearing. 18 U.S.C. § 3553(f)(5); USSG § 5C1.2(a)(5). Defendant's statements were contradicted in part by surveillance of his activities and evidence found at his home when a search warrant was executed.

Defendant's sole issue on appeal is that the district court erred in refusing to apply the safety-valve provision. He contends that he provided truthful information on the quantity of drugs that he distributed, the locations of the drug transactions, and the identities of four coconspirators. We review for clear error the district court's decision whether a defendant is eligible for safety-valve relief, "giving due deference to the district court's application of the Sentencing Guidelines to the facts." *United States v. Zavalza-Rodriguez*, 379 F.3d 1182, 1184 (10th Cir. 2004). There was no clear error here. The court's finding was a reasonable assessment of the evidence.

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge